**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARS PHARMACEUTICALS OPERATIONS, INC. and AEGIS THERAPEUTICS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**LUPIN INC. and LUPIN PHARMACEUTICALS, INC.,**<br><br>**Defendants.** | **Civil Action No. 25-15123 (JXN) (MAH)** |
| **ARS PHARMACEUTICALS OPERATIONS, INC. and AEGIS THERAPEUTICS, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CIP0LA LTD. and CIPLA USA, INC.,**<br><br>**Defendants.** | **Civil Action No. 26-3796 (JXN) (MAH)**<br><br>**CONSOLIDATION AND SCHEDULING ORDER** |

This matter having come before the Court for a pretrial scheduling conference pursuant to Federal Rule of Civil Procedure 16 in Civil Action No. 26-3796 and a status conference in Civil Action No. 25-15123 held on the record on June 29, 2026,;

and the Court having discussed consolidation of these matters with the parties;

and all parties now agreeing that consolidation is appropriate;

and for the reasons discussed on the record on June 29, 2026;

and for good cause shown:

**IT IS on this 7th day of July 2026,**

**ORDERED as follows:**

**Civil Action Nos. 25-15123 and 26-3796 are consolidated for all purposes, including discovery, case management, and trial, subject to further order of the Court. All filings going forward shall be filed in Civil Action No. 25-15123, and Civil Action No. 26-3796 shall be terminated by the Clerk's Office for administrative purposes only.**

**All parties shall be bound by the Stipulated Discovery Confidentiality Order entered on March 4, 2026, D.E. 56, and the Stipulated ESI Protocol entered on March 20, 2026, D.E. 62.**

## I. DISCLOSURES

1. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **June 5, 2026.**

   a. The parties shall meet and confer on an appropriate ESI protocol pursuant to Local Civil Rule 26.1(d) and bring any disputes regarding such to the Court's attention by **[HAS BEEN COMPLETED].**

## II. DISCOVERY

2. Fact discovery is to remain open through **January 22, 2027.** No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit on or before **February 27, 2026**[1], to be responded to **within thirty (30) days of receipt**.

   a. Service of all written discovery requests shall be completed by **September 14, 2026**.

   b. The parties shall substantially complete document production by **November 2, 2026.**

4. Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) limited to **ten (10)** per side, are to be completed by **January 22, 2027**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition. **Failure to contact the Undersigned to**

[1] The parties have not suggested a new deadline for but the Court expects the parties are working cooperatively to move discovery.

**intervene in a deposition dispute, before adjourning or completing the deposition, will constitute waiver of the right to seek relief for that deposition dispute.**

5. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter. Each dispute shall be presented in its own section. For each dispute, the parties shall include: (1) a short, neutral statement of the nature of the dispute and the parties' efforts to resolve the dispute; (2) the position of the party seeking relief (limited to three double-spaced pages); (3) the position of the opposing party (limited to three double-spaced pages). The parties shall use this structure for each disputed item. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **December 2, 2026**. The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date.

## III. DISCOVERY CONFIDENTIALITY ORDERS

6. Any proposed confidentiality order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Any such application and form of order shall articulate (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered. Any such order must be clearly designated **"Discovery Confidentiality Order."** See L. Civ. R. 5.3.

a. The parties shall submit a proposed Discovery Confidentiality Order on or before **[HAS BEEN COMPLETED]**.

## IV. PATENT-RELATED TASKS

7. Plaintiff shall serve its disclosure of asserted claims pursuant to L. Pat. R. 3.6(b) by **June 5, 2026**.

8. Defendants shall serve any invalidity contentions and non-infringement

contentions, and commence production of the underlying documents, pursuant to L. Pat. R. 3.6(c)-(d) by **July 3, 2026**.

9. Plaintiff shall disclose its infringement contentions and responses to invalidity contentions, and commence production of the underlying documents, pursuant to Local Pat. R. 3.6(g)-(i) by **August 17, 2026**.

10. The parties will exchange the proposed terms necessary for claim construction pursuant to Local Pat. R. 4.1 on or before **August 24, 2026**.

11. The parties will exchange their preliminary claim constructions and identify any intrinsic and extrinsic evidence pursuant to Local Pat. R. 4.2(a)-(b) on or before **August 31, 2026**.

12. The parties will exchange identification of intrinsic and extrinsic evidence that each party intends to rely upon to oppose any other party's proposed construction, pursuant to Local Pat. R. 4.2(c), by **September 14, 2026**.

13. The parties will file the Joint Claim Construction and Prehearing Statement on or before **September 21, 2026**.

14. The parties will complete fact discovery relating to claim construction on or before **October 5, 2026**.

15. The parties shall file opening *Markman* briefs by **October 19, 2026**.

16. All expert discovery regarding *Markman* issues shall be completed by **November 30, 2026**.

17. The parties shall file responsive *Markman* briefs by **December 14, 2026**.

18. The parties will meet and confer on a proposed schedule for a *Markman* hearing and shall submit the proposed schedule to the Court no later than **December 18, 2026**.

19. The claim construction hearing shall take place on **[To Be Determined]**.

20. The parties will exchange opening expert reports on issues for which the proponent bears the burden of proof by **March 3, 2027**.

21. The parties will exchange responsive expert reports by **April 16, 2027**.

22. The parties will exchange reply expert reports by **May 17, 2027**.

23. All expert reports must be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

24. All expert discovery, including depositions of experts, shall be completed by **June 14, 2027**.

## V. FUTURE CONFERENCES

25. There will be status conference before the Magistrate Judge on **September 16, 2026 at 11:00 a.m.** The conference will proceed via Microsoft Teams, and the Court will provide the Teams link to counsel in advance of the conference.

26. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

27. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

28. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

29. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI. MOTIONS

30. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **December 1, 2026**.

31. No motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a summary judgment motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

## VII. FINAL PRETRIAL CONFERENCE

32. A final pretrial conference shall be conducted in the Courtroom of the Magistrate Judge pursuant to Federal Rule of Civil Procedure 16(d) on **June 8, 2027 at 10:00 a.m.** Trial counsel must appear in person for the Final Pretrial Conference.

33. All counsel are directed to assemble at the office of plaintiff's counsel to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

34. The original of the Final Pretrial Order shall be delivered to Chambers by **June 1, 2027**. All counsel are responsible for the timely submission of the Final Pretrial Order.

35. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer, U.S.M.J.**