# Exhibit M

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

21971 7590 10/26/2023
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

| EXAMINER | |
|---|---|
| SHIAO, YIH-HORNG | |
| ART UNIT | PAPER NUMBER |
| 1623 | |

DATE MAILED: 10/26/2023

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/206,881 | 06/07/2023 | Richard LOWENTHAL | 55358-701.308 | 4022 |

TITLE OF INVENTION: INTRANASAL EPINEPHRINE FORMULATIONS AND METHODS FOR THE TREATMENT OF DISEASE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 01/26/2024 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 40% the amount of undiscounted fees, and micro entity fees are 20% the amount of undiscounted fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Maintenance fees are due in utility patents issuing on applications filed on or after Dec. 12, 1980. It is patentee's responsibility to ensure timely payment of maintenance fees when due. More information is available at www.uspto.gov/PatentMaintenanceFees.**

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), by mail or fax, or via EFS-Web.

By mail, send to: Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

By fax, send to: (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications. **Because electronic patent issuance may occur shortly after issue fee payment, any desired continuing application should preferably be filed prior to payment of this issue fee in order not to jeopardize copendency.**

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

21971 7590 10/26/2023
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being transmitted to the USPTO via EFS-Web or by facsimile to (571) 273-2885, on the date below.

(Typed or printed name)
(Signature)
(Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/206,881 | 06/07/2023 | Richard LOWENTHAL | 55358-701.308 | 4022 |

TITLE OF INVENTION: INTRANASAL EPINEPHRINE FORMULATIONS AND METHODS FOR THE TREATMENT OF DISEASE

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1200 | $0.00 | $0.00 | $1200 | 01/26/2024 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SHIAO, YIH-HORNG | 1623 | 514-282000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

❑ Change of correspondence address (or Change of Correspondence Address form PTO/AIA/122 or PTO/SB/122) attached.

❑ "Fee Address" indication (or "Fee Address" Indication form PTO/AIA/47 or PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1____________________
2____________________
3____________________

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document must have been previously recorded, or filed for recordation, as set forth in 37 CFR 3.11 and 37 CFR 3.81(a). Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❑ Individual ❑ Corporation or other private group entity ❑ Government

4a. Fees submitted: ❑Issue Fee ❑Publication Fee (if required)

4b. Method of Payment: *(Please first reapply any previously paid fee shown above)*

❑ Electronic Payment via Patent Center or EFS-Web ❑ Enclosed check ❑ Non-electronic payment by credit card (Attach form PTO-2038)

❑ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment to Deposit Account No. __________

5. **Change in Entity Status** (from status indicated above)

❑ Applicant certifying micro entity status. See 37 CFR 1.29

<u>NOTE:</u> Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.

❑ Applicant asserting small entity status. See 37 CFR 1.27

<u>NOTE:</u> If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.

❑ Applicant changing to regular undiscounted fee status.

<u>NOTE:</u> Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature ____________________ Date ____________________

Typed or printed name ____________________ Registration No. ____________________



PTOL-85 Part B (08-18) Approved for use through 01/31/2020 OMB 0651-0033 U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/206,881 | 06/07/2023 | Richard LOWENTHAL | 55358-701.308 | 4022 |

21971 7590 10/26/2023
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA 94304-1050

| EXAMINER | |
|---|---|
| SHIAO, YIH-HORNG | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1623 | |

DATE MAILED: 10/26/2023

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 30 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | **Application No.**<br>18/206,881 | **Applicant(s)**<br>LOWENTHAL et al. | |
|---|---|---|---|
| | **Examiner**<br>YIH-HORNG SHIAO | **Art Unit**<br>1623 | **AIA (FITF) Status**<br>Yes |

***-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--***

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to amendment filed on 10/12/2023.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ______.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ______; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are 1-44 . As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

   **Certified copies:**

   a) ☐All b) ☐ Some* c) ☐ None of the:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. ______ .
   3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   * Certified copies not received: ______ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date ______ .

   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date ______.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material ______.
4. ☑ Interview Summary (PTO-413), Paper No./Mail Date. 10/20/2023.
5. ☑ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other ______.

/YIH-HORNG SHIAO/
Primary Examiner, Art Unit 1623

***Examiner's Amendment***

An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with Valentin Zunic on 10/20/2023.

The amended claims are listed below.

**Claim 8**: Insert the word "further" immediately before the recitation "comprises one or more" (line 2); and insert the word "pH" immediately before the recitation "between about 3.0" (line 5).

**Claim 24**: Insert the word "further" immediately before the recitation "comprises one or more" (line 2).

**Claim 44**: Delete the conjunction "and" immediately before the recitation "hydrochloric acid" (line 4).

**DETAILED ACTION**

The present application, filed on or after March 16, 2013, is being examined under the first inventor to file provisions of the AIA. The amendment filed on 10/12/2023 has been entered. Claims 31-44 are newly added. Claims 1-44 are currently under examination and allowed in this Office Action.

***Priority***

This application is a CON of 18/327,621 filed on 06/01/2023, which is a CON of 18/049,936 filed on 10/26/2022, now PAT 11717571, which is a CON of 17/396,044 filed on 08/06/2021, which is a CON of 16/869,461 filed on 05/07/2020, now PAT 11191838, which is a CON of 16/420,044 filed on 05/22/2019, now PAT 10682414, which is a CON of PCT/US2019/016918 filed on 02/06/2019, which claims benefit of US PRO 62/784,057 filed on 12/21/2018.

Applicant's claim for the benefit of a prior-filed application under 35 U.S.C. 119(e) or under 35 U.S.C. 120, 121, 365(c), or 386(c) is acknowledged. Applicant has not complied with one or more conditions for receiving the benefit of an earlier filing date under 35 U.S.C. 119(e) as follows:

The later-filed application must be an application for a patent for an invention which is also disclosed in the prior application (the parent or original nonprovisional application or provisional application). The disclosure of the invention in the parent application and in the later-filed application must be sufficient to comply with the requirements of 35 U.S.C. 112(a) or the first paragraph of pre-AIA 35 U.S.C. 112, except for the best mode requirement. See *Transco Products, Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 32 USPQ2d 1077 (Fed. Cir. 1994)

The disclosure of the prior-filed application, Application No. 62/784,057, fails to provide adequate support or enablement in the manner provided by 35 U.S.C. 112(a) or pre-AIA 35 U.S.C. 112, first paragraph for one or more claims of this application. Claims 3, 4, 8, 14-20, 22, 23, 28, and 39 recite "about 3 mg/mL, about 4 mg/mL", "about 6 mg/mL, about 7 mg/mL, about 8 mg/mL, about 9 mg/mL", "about 11 mg/mL, about 12 mg/mL, about 13 mg/mL, about 14 mg/mL, about 15 mg/mL, about 16 mg/mL, about 17 mg/mL, about 18 mg/mL, about 19 mg/mL", "fatty acids", "alpha tocopherol, D-α-tocopherol polyethylene glycol 1000 succinate", "isoascorbic acid", "sodium bisulfite", "sodium citrate, sodium bicarbonate, and sodium carbonate", and/or "about 15 mg/mL", which are not disclosed or supported by the prior-filed Application No. 62/784,057. Thus, the priority date of claims 3, 4, 8, 14-20, 22, 23, 28, and 39 is 02/06/2019.

***Withdrawn Claim Objections/Rejections***

The objection of claims 2, 7, 8, 10-13, 24, 27, and 28 because of incorrect recitation, as set forth on page 3 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of amended claims.

The rejection of claims 21 and 24 under 35 U.S.C. 112(b) or 35 U.S.C. 112 (pre-AIA), second paragraph, as set forth on page 4 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of amended claim 21. Claim 24 depends from claim 21.

The rejection of claims 1-30 on the ground of nonstatutory double patenting as being unpatentable over claims 1-8, 12, 13, 15-17, and 20 of U.S. Patent No. 10,682,414, as set forth on pages 5-7 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of Terminal Disclaimer filed and approved on 10/12/2023.

The rejection of claims 1-30 on the ground of nonstatutory double patenting as being unpatentable over claims 1, 2, 5, 6, 10, and 18 of U.S. Patent No. 11,191,838, as set forth on pages 7 to 8 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of Terminal Disclaimer filed and approved on 10/12/2023.

The rejection of claims 1-30 on the ground of nonstatutory double patenting as being unpatentable over claims 1-3, 6, 10, 12, and 13 of U.S. Patent No. 11,717,571, as set forth on pages 8-10 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of Terminal Disclaimer filed and approved on 10/12/2023.

The rejection of claims 1-30 on the ground of nonstatutory double patenting as being unpatentable over claims 22, 24-29, 33, 35-37, 39, and 42 of copending Application No. 17/396,044 (now PAT 11,744,895), as set forth on pages 10 to 11 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of Terminal Disclaimer filed and approved on 10/12/2023.

The provisional rejection of claims 1-30 on the ground of nonstatutory double patenting as being unpatentable over claims 1-3, 5-7, and 10-14 of copending Application No. 18/327,621, as set forth on pages 12 to 13 of the Non-Final Rejection mailed on 08/15/2023, is *withdrawn* in view of Terminal Disclaimer filed and approved on 10/12/2023.

***Allowable Subject Matter***

The amended claims 1, 14, 21, 25, 31, 33, 34, 36, 37, 41, and 44 are allowed. Claims 2-13, depending from claim 1; claims 15-20, depending from claim 14; claims 22-24, depending from claim 21; claims 26-30, depending from claim 25; claim 32, depending from claim 31; claim 35, depending from claim 34; claims 38-40, depending from claim 37; and claims 42 and 43, depending from claim 41, are also allowed.

The following is an examiner's statement of reasons for allowance: The amended claims 1, 14, 21, 25, 31, 33, 34, 36, 37, and 41, directed to a method comprising intranasally administering to a human with the type-1 hypersensitivity reaction (or anaphylaxis) a nasal spray pharmaceutical formulation comprising between about 1 mg/mL and about 40 mg/mL of epinephrine, or a salt thereof, in a volume between about 25 µL and about 250 µL per dose… wherein the intranasal administration of the nasal spray pharmaceutical formulation to the human with the type-I hypersensitivity reaction provides plasma epinephrine concentrations in the human that are efficacious for the elimination of one, more than one, or all of the symptoms of the type-I hypersensitivity reaction in the human; or wherein the intranasal administration of the nasal spray pharmaceutical formulation to the human with the type-I hypersensitivity reaction provides plasma epinephrine concentrations in the human that are efficacious for the prevention of the further progression of one, more than one, or all of the symptoms of the type-I hypersensitivity reaction in the human; and claim 44, directed to A nasal spray pharmaceutical formulation consisting of about 2.0 mg of epinephrine in a volume of about 100 µL, dodecyl maltoside, benzalkonium chloride, sodium chloride, disodium salt of ethylenediaminetetraacetic acid (EDTA), sodium metabisulfite, and hydrochloric acid or sodium hydroxide to adjust the pH to a final pH between about 3.0 and about 5.0, and water, are free of prior art rejection. The closest prior arts are cited in the parent Application No. 17/396,044 or 18/049,936.

The reason for allowance is reiterated here: the references did not teach or suggest the limitation "the pharmaceutical formulation to the human provides plasma epinephrine concentrations in the human that are efficacious for the elimination of one, more than one, or all of the symptoms of the type-1 hypersensitivity reaction… efficacious for the prevention of the further progression of one, more than one, or all of the symptoms of the type-1 hypersensitivity reaction", required by claims 1, 14, 21, 25, 31, 33, 34, 36, 37, and 41, and supported by the decision of IPR2021-01324 mailed on 02/09/2023 in parent Application No. 16/420,044, in which the plasma concentrations reaches the peak within 60 mins (Figure 6) while prior art formulation reaches the peak after 60 mins (Figure 2), also the claimed intranasal spray provides higher concentrations of plasma epinephrine than intramuscular injection (EpiPen). Thus the results of claimed method are unexpected. Also, the recitation "nasal spray pharmaceutical formulation consisting of about 2.0 mg of epinephrine in a volume of about 100 µL, dodecyl maltoside, benzalkonium chloride, sodium chloride, disodium salt of EDTA, sodium metabisulfite, and hydrochloric acid or sodium hydroxide" required by claim 44 and limited by the closed transitional phrase "consisting of" to exclude other active ingredient, such as bronchial dilator, as disclosed by the references.

**Figure 2. Plasma Epinephrine Concentrations as Disclosed in Srisawat *et al.***




**Figure 6. Mean Plasma Epinephrine Concentrations with Intranasal Epinephrine Described in Example 28.**



Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled “Comments on Statement of Reasons for Allowance.”

## *Conclusion*

Claims 1-44 are allowed.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to YIH-HORNG SHIAO whose telephone number is (571)272-7135. The examiner can normally be reached Mon-Thur, 08:30 am to 07:00 pm EST.

Examiner interviews are available via telephone, in-person, and video conferencing using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is encouraged to use the USPTO Automated Interview Request (AIR) at http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner’s supervisor, Shaojia (Anna) Jiang can be reached on 571-272-0627. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be obtained from Patent Center. Unpublished application information in Patent Center is available to registered users. To file and manage patent submissions in Patent Center, visit: https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for more information about Patent Center and https://www.uspto.gov/patents/docx for information about filing in DOCX format. For additional questions, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like

assistance from a USPTO Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/YIH-HORNG SHIAO/
Primary Examiner, Art Unit 1623